IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

James Wood Jr.,

        Plaintiff

vs.                                Case No.

Cavalry Portfolio Services, LLC,

        Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND
INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff, James Wood ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Eddy, and City of Carlsbad.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Cavalry Portfolio Services, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11.      The alleged obligation arose from a personal auto loan with original creditor TD Auto Finance.

12.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13.     In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written communication dated February 6, 2012, which provided the notices required by 15 U.S.C. § 1692g(a) *et seq.* (See Correspondence, attached here to as Exhibit "A").

14.     Defendant's February 6, 2012 correspondence asserted that Plaintiff owed an alleged debt in the amount of $13,779.18.

15.     The February 6, 2012 correspondence failed to acknowledge that the amount necessary to fully pay the debt could vary as a result of continually accruing interest, fees and other charges. (See Exhibit "A").

16.     The least sophisticated debtor receiving the February 6, 2012 correspondence could believe that the alleged debt could be paid in full by remitting the sum of $13,779.18.

17.     Plaintiff's right to dispute the debt, or any portion of thereof, provided by section 1692g is prejudiced by Defendant's failure to inform Plaintiff that the debt consisted of interest or other charges, where such additional charges are only disclosed after the thirty-day dispute period.

18.     Defendant's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the debt.

19.     Defendant's February 6, 2012 communication failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

20.     In fact, Plaintiff's Equifax credit report reflects the balance of the alleged debt as "$14,099" as of April 2012, and Plaintiff's Trans Union credit report reflects a balance of the alleged debt as "$14,155" as of April 2012.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

21.     Plaintiff repeats and re-alleges each and every allegation contained above.

22.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's debt, including by its material omission as to whether interest or other charges were subject to accrue on the alleged debt and by misrepresenting the notices required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23.  Plaintiff repeats and re-alleges each and every allegation contained above.

24.  Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

25.     Plaintiff repeats and re-alleges each and every allegation contained above.

26.     Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt and by misrepresenting the notices required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

27.    Plaintiff repeats and re-alleges each and every allegation contained above.

28.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its initial written communication or within five days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.M. STAT. ANN. § 57-12-2 (d)

29.    Plaintiff repeats and re-alleges each and every allegation contained above.

30.     Defendant violated N.M. Stat. Ann. § 57-12-2 (d) by using false or misleading statements in connection with collection of an alleged debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt and by misrepresenting the notices required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated N.M. Stat. Ann. § 57-12-2 (d);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

31.         Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

<u>s/Anita M. Kelley</u>
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM  87176
(505) 750-0265

***Co-counsel with WEISBERG & MEYERS, LLC***

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com